IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM | ) CRIMINAL CASE NO. CM845-12 |
| | ) |
| | ) DECISION AND ORDER |
| v. | ) |
| | ) (Defendant's Motion for Civil |
| | ) Compromise) |
| WEIPO DOONE *aka* TRAVER TODD | ) |
| RUBEN *aka* TREVOR RUBEN, | ) |
| DOB: 5/5/1991 | ) |
| Defendant. | ) |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on April 25, 2013, on Weipo Doone's ("Defendant") Motion for Civil Compromise. Defendant was represented by Assistant Public Defender Jocelyn M. Roden. Assistant Attorney General Sean E. Brown appeared on behalf of the People of Guam ("the People"). Following the hearing, the Court took the matter under advisement. Upon review of the evidence, written arguments and legal authorities presented by both parties, the Court hereby issues this Decision and Order **GRANTING** Defendant's motion.

## BACKGROUND

Defendant was charged with Assault (as a Misdemeanor) on September 24, 2012. Magistrate Complaint (Sept. 24, 2012). On October 3, 2012, Defendant was arraigned. Defendant pled not guilty and demanded a jury trial of six. Likewise, Defendant waived his right to a speedy trial. Super. Ct. of Guam Minute Entry Log No. 13707 (Oct. 3, 2012).

On January 22, 2013, Inocy Made, the alleged victim in the instant case, filed a Declaration. The Declaration stated inter alia, that the victim does not "object to dismissal of this case by way of the Civil Compromise statute." Decl. of Victim (Jan. 22, 2013). The victim also declared that he "acknowledged that [he] received satisfaction for the injury." *Id.* Accordingly, Defendant filed a Motion for Civil Compromise on January 25, 2013. On April 15, 2013, the People filed an opposition to Defendant's motion. The Court heard the matter on April 25, 2013.

## DISCUSSION

Defendant moves the Court to dismiss the instant Complaint pursuant to 8 GCA § 80.90(b). See Def.'s Mot. for Civil Compromise at 2 (Jan. 25, 2013). "Defendant's motion to dismiss is based on [a] waiver from the victim that indicates he has received satisfaction for injury." *Id.* Likewise, Defendant argues that "[u]nder the facts of the People's Declaration, the alleged victim may have a civil action against the Defendant for damages." *Id.*

The People oppose Defendant's motion. They argue that "[t]his is not a situation where avoiding criminal sanctions for Defendant would be a better result for the welfare of the People." People's Opp'n Mot. at 3 (Apr. 15, 2013). The People further argue that "settling this matter without criminal sanctions would not be in the best interest of the People because Defendant is not a first-time offender." *Id.* The People also argue that "Defendant's motion does not specify how or what Defendant has done to satisfy the injury caused to victim Inocy. The victim merely signed a form waiver that does not indicate payment of any sort has even been made for the costs incurred." *Id.* at 4.

Misdemeanors may be compromised in accordance with Guam law. Guam's Criminal Procedure provides when misdemeanors may be compromised as follows:

(a) When the defendant has been charged with the commission of an *offense which is not a felony* for which the person injured by the act constituting the offense *has a remedy by a civil action*, the offense *may be compromised* as provided by the Section.

(b) If the person injured appears before, *or files his declaration* in, the court in which the criminal action is pending at any time before trial and acknowledges that he has received satisfaction for the injury, the court may, on payment of the costs incurred, order the criminal action dismissed.

(c) A dismissal under this Section is a bar to another prosecution of the same offense.

8 GCA § 80.90 (emphasis added).

Section 80.90 is based on California Penal Code §§ 1377 and 1378. California case law is persuasive when there is no compelling reason to deviate from California's interpretation. *Zurich Ins. (Guam), Inc. v. Santos*, 2007 Guam 23 ¶ 7. As such, the legislative purpose behind allowing civil compromise of criminal offenses is not to ensure that the victim is maximally compensated for an injury, but to remove from criminal prosecution those offenses for which there is a civil remedy available. The rationale is that the public interest in those cases is best served by requiring the accused to make restitution directly and immediately to the individual victim instead of subjecting the accused to criminal sanctions for the welfare of society in general. 20 A. Cal. Jur. 3d Criminal Law: Pretrial Proceedings § 890.

"Under section 1377 [of California's Penal Code], "[w]hen the person injured by an act constituting a misdemeanor has a remedy by a civil action, the offense may be compromised, as provided in Section 1378, except when it is committed as follows: (a) By or upon an officer of justice, while in the execution of the duties of his or her office. (b) Riotously. (c) With an intent to commit a felony. (d) In violation of any court order as described [elsewhere]. (e) By or upon any family or household member...." *People v. Tischman*, 35 Cal. App 4th 174, 651 (1995).

In *People v. Stephen*, 227 Cal. Rptr. 380, 182 Cal. App.3rd 14 (1986), the Court concluded "that it would be inappropriate for a criminal court in a civil compromise matter to

determine whether the victim has received the maximum recovery allowable under civil law for his injury. Instead, the court's inquiry focuses on the reason for requiring acknowledgment of satisfaction, which is twofold: (1) to ensure that the victim has in fact received recompense from the defendant, albeit not necessarily the maximum possible therefor; and (2) to ensure that the victim's settlement with defendant is voluntary." *Stephen*, 227 Cal. Rptr. 380, 389.

The Court finds that Defendant's motion provides both the legal and factual basis to approve dismissal pursuant to 8 GCA § 80.90. (1) The charges herein are not felonies, nor do they fall under any of the exceptions as provided above (2) the acts constituting the offense have a remedy by civil action and (3) the person injured has submitted a declaration under penalty of perjury that [he has] received satisfaction for the injury, and [he] does not object to dismissal of this case by way of the Civil Compromise statute." <u>Decl. of Victim</u> (Jan. 22, 2013). Accordingly, the Court **GRANTS** Defendant's motion recognizing that the civil compromise statute as applied in the instant case serves the interests of justice, judicial economy and fairness to the parties.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court **GRANTS** Defendant's Motion for Civil Compromise.

**SO ORDERED** this ___9___ day of MAY, 2013.

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

MAY 0 9 2013

Jerry T. Guerrero
Deputy Clerk, Superior Court of Guam

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam